AO 245B(05-MA)  (Rev. 06/05) Judgment in a Criminal Case
Sheet 1 - D. Massachusetts - 10/05

# UNITED STATES DISTRICT COURT
## District of Massachusetts

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| ENIKO SOMODI | Case Number: 1: 12 CR 10147 - 1 - NMG |
| | USM Number: 94220-038 |
| | Carlos Jorge Dominguez, Esq. |
| | Defendant's Attorney |

☐ Additional documents attached

☐
**THE DEFENDANT:**
☑ pleaded guilty to count(s)  1 & 2
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

Additional Counts - See continuation page ☐

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC §1956(h) | Conspiracy to Commit Money Laundering | 11/29/11 | 1 |
| 18 USC §1543 | Use of a False, Forge, Counterfeit, or Altered Passport | 11/29/11 | 2 |
| 18 USC §982 | Forfeiture Allegation | | |

The defendant is sentenced as provided in pages 2 through __12__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

03/26/13
Date of Imposition of Judgment

*/s/ Nathaniel M. Gorton*
Signature of Judge

The Honorable Nathaniel M. Gorton
U.S. District Judge
Name and Title of Judge

3/28/13
Date

AO 245B(05-MA)   (Rev. 06/05) Judgment in a Criminal Case
Sheet 2 - D. Massachusetts - 10/05

Judgment — Page 2 of 12

DEFENDANT: **ENIKO SOMODI**
CASE NUMBER: **1: 12 CR 10147 - 1 - NMG**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **24** month(s)

which term consists of 24 months on each count, to be served concurrently.

☐ The court makes the following recommendations to the Bureau of Prisons:

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____.
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on _____.
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____
a _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B(05-MA)  (Rev. 06/05) Judgment in a Criminal Case
Sheet 5 - D. Massachusetts - 10/05

DEFENDANT: **ENIKO SOMODI**
CASE NUMBER: **1: 12 CR 10147 - 1 - NMG**

Judgment — Page 3 of 12

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ $200.00 | $ | $ $1,098,634.48 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| John Akers |  | $20,620.00 |  |
| Pamela Albion |  | $20,000.00 |  |
| All Rite Construction |  | $19,120.00 |  |
| Brian & Karen Antoszyk |  | $51,000.00 |  |
| Bank of America - TBD |  |  |  |
| Cindy Boozer |  | $55,800.00 |  |
| Carl Brooks |  | $25,000.00 |  |

☑ See Continuation Page

| TOTALS | $ $0.00 | $ $820,156.48 |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B(05-MA)  (Rev. 06/05) Judgment in a Criminal Case
Sheet 5A - D. Massachusetts - 10/05

DEFENDANT: **ENIKO SOMODI**
CASE NUMBER: 1: 12 CR 10147 - 1 - NMG

Judgment—Page 4 of 12

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

Any payment made, that is not payment in full, shall be divided proportionately among the parties named. The restitution amounts shall be offset by any payments received by the victims from any other sources.

The restitution shall be paid by the defendant jointly and severally with any other person(s) convicted of the instant offense who is or may be ordered to pay restitution in this matter including but not limited to Zsolt Lendvai.

Payment of the restitution shall begin immediately and shall be made according to the requirements of the Federal Bureau of Prisons' Inmate Financial Responsibility Program while the defendant is incarcerated and according to a court-ordered repayment schedule during the term of supervised release.

All restitution payments shall be made to the Clerk, U.S. District Court for transfer to the identified victims. The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

AO 245B(05-MA)　(Rev. 06/05) Judgment in a Criminal Case
Sheet 5B - D. Massachusetts - 10/05

DEFENDANT: **ENIKO SOMODI**
CASE NUMBER: **1: 12 CR 10147 - 1 - NMG**

Judgment—Page __5__ of __12__

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Elizabeth Buchanan | | $15,000.00 | |
| Kimberly Caldwell | | $48,551.00 | |
| Patrick Carmody | | $19,999.00 | |
| Comfort Hospitality Inc./Hotel Comfort | | $23,600.00 | |
| Cheryline Crawford | | $15,299.00 | |
| Equistar/Debbie Harrison-Steele Enterprises, LTD | | $35,722.48 | |
| Gabriela Fernandez | | $21,399.00 | |
| Christine Freni (Standley) | | $17,876.00 | |
| Global Infrastructure Inc./Legal Dpt. | | $16,000.00 | |
| Yaroslav Gud | | $26,700.00 | |
| Salvatore Gumina | | $15,700.00 | |
| Nancy Heine | | $15,800.00 | |
| John Hellenbrand | | $31,000.00 | |
| Donald Hennes | | $7,500.00 | |
| Stephen Holtsberry | | $22,650.00 | |
| Daniel Kirkpatrick | | $57,000.00 | |
| Shurbert Koong | | $12,500.00 | |
| Krebbs, LLC/Legal Dept. | | $35,999.00 | |
| Oleg Krivoy | | $20,922.00 | |
| Bettina Kurowski | | $24,000.00 | |
| Ron Langenberg | | $31,500.00 | |
| E.R. Larrison | | $24,900.00 | |
| Aleksey Ledenev | | $24,000.00 | |
| Dale Marshall | | $19,999.00 | |
| Jose Martinez | | $45,000.00 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
Sheet 5B - D. Massachusetts - 10/05

DEFENDANT: **ENIKO SOMODI**
CASE NUMBER: **1: 12 CR 10147 - 1 - NMG**

Judgment—Page **6** of **12**

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Deloris Michaelangelo | | $14,900.00 | |
| Terry Oursler | | $23,950.00 | |
| PNC Bank/Donna Carr - TBD | | | |
| Yogesh Parikh | | $20,246.00 | |
| Lawrence Purcell | | $21,000.00 | |
| SKY - AG PTY LTD/Legal Dept. | | $34,935.00 | |
| James Slusher | | $24,880.00 | |
| Douglas & Sherry Smock | | $15,360.00 | |
| TD Bank/Bruce Peterson - TBD | | | |
| Teachers Credit Union/Legal Dept. | | $31,000.00 | |
| Mary Wells | | $31,900.00 | |
| Willard Williams | | $27,750.00 | |
| Rafael Zelaya | | $18,367.00 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B(05-MA)   (Rev. 06/05) Judgment in a Criminal Case
Sheet 6 - D. Massachusetts - 10/05

DEFENDANT: **ENIKO SOMODI**
CASE NUMBER: **1: 12 CR 10147 - 1 - NMG**

Judgment — Page __7__ of __12__

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  [x] Lump sum payment of $ __$200.00__ due immediately, balance due

   [ ] not later than _____, or
   [x] in accordance   [ ] C,   [ ] D,   [ ] E, or   [x] F below; or

B  [ ] Payment to begin immediately (may be combined with   [ ] C,   [ ] D, or   [ ] F below); or

C  [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  [ ] Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  [x] Special instructions regarding the payment of criminal monetary penalties:

See Page 4.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[x] Joint and Several                                                                                   [ ] See Continuation Page

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

**Zsolt Lendvai**

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B(05-MA)  (Rev. 06/05) Judgment in a Criminal Case
Sheet 6B - D. Massachusetts - 10/05

DEFENDANT: **ENIKO SOMODI**
CASE NUMBER: **1: 12 CR 10147 - 1 - NMG**

Judgment—Page 8 of 12

## ADDITIONAL FORFEITED PROPERTY

(a) any funds seized from Sovereign Bank account number 39804154654, held in the name of Vanesas Papas;
(b) any funds seized from Sovereign Bank account number 10027369346, held in the name of Vanesas Papas;
(c) any funds seized from Sovereign Bank account number 39802503753, held in the name of Secure Trading Deals, LLC;
(d) any funds seized from Sovereign Bank account number 31104969261, held in the name of Secure Trading Deals, LLC;
(e) any funds seized from Sovereign Bank account number 39804195681, held in the name of AMZ Secure Market, LLC;
(f) any funds seized from Bank of America account number 4637468273, held in the name of AMZ Secure Market, LLC;
(g) any funds seized from Bank of America account number 4638436602, held in the name of AMAZ One Commerce, LLC;
(h) any funds seized from Bank of America account number 4635076913, held in the name of AMA Zone Market, LLC;
(i) any funds seized from Bank of America account number 4628327666, held in the name of Secure Trading Commerce, LLC;
(j) any funds seized from Bank of America account number 4628327718, held in the name of Secure Trading Commerce, LLC;
(k) any funds seized from Bank of America account number 4624636011, held in the name of Secure Trading Deals, LLC;
(l) any funds seized from Bank of America account number 4616915077, held in the name of Positive Automotive, LLC;
(m) any funds seized from Citizens Bank account number 1323462527, held in the name of AMA Secure Market, LLC;
(n) any funds seized from Citizens Bank account number 1322206314, held in the name of PPL Trading Services, LLC;
(o) any funds seized from Citizens Bank account number 1323462373, held in the name of Secure Trading Commerce, LLC;
(p) any funds seized from Citizens Bank account number 1321960198, held in the name of AMA Zone Mkt LLC;
(q) any funds seized from Citizens Bank account number 1323220930, held in the name of Secure Trading LLC;
(r) any funds seized from Citizens Bank account number 1322125136, held in the name of AMAZ One Commerce LLC;
(s) any funds seized from TD Bank, N.A. account number 8248930724, held in the name of PPL Trading Services LLC; and
(t) any funds seized from TD Bank, N.A. account number 8248675106, held in the name of AMZ Secure Marketing LLC.

AO 245B (Rev. 06/05) Criminal Judgment
Attachment (Page 1) — Statement of Reasons - D. Massachusetts - 10/05

| | |
|---|---|
| DEFENDANT: **ENIKO SOMODI** | Judgment — Page 9 of 12 |
| CASE NUMBER: **1: 12 CR 10147 - 1 - NMG** | |
| DISTRICT: **MASSACHUSETTS** | |

# STATEMENT OF REASONS

**I  COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT**

A ☐  The court adopts the presentence investigation report without change.

B ☑  The court adopts the presentence investigation report with the following changes.
(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.)
(Use Section VIII if necessary.)

1  ☐ **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level, or specific offense characteristics):

2  ☐ **Chapter Three of the U.S.S.G. Manual** determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

3  ☐ **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

4  ☐ **Additional Comments or Findings** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):
See VIII Page 12.

C ☐  The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.

**II  COURT FINDING ON MANDATORY MINIMUM SENTENCE** (Check all that apply.)

A ☑  No count of conviction carries a mandatory minimum sentence.

B ☐  Mandatory minimum sentence imposed.

C ☐  One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum does not apply based on
☐ findings of fact in this case
☐ substantial assistance (18 U.S.C. § 3553(e))
☐ the statutory safety valve (18 U.S.C. § 3553(f))

**III  COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):**

Total Offense Level: 23
Criminal History Category: 1
Imprisonment Range: 46 to 57 months
Supervised Release Range: 1 to 3 years
Fine Range: $ 10,000 to $ 500,000
☑ Fine waived or below the guideline range because of inability to pay.

AO 245B (05-MA)   (Rev. 06/05) Criminal Judgment
   Attachment (Page 2) — Statement of Reasons - D. Massachusetts - 10/05

DEFENDANT: **ENIKO SOMODI**
CASE NUMBER: **1: 12 CR 10147 - 1 - NMG**
DISTRICT: **MASSACHUSETTS**

Judgment — Page 10 of 12

## STATEMENT OF REASONS

**IV   ADVISORY GUIDELINE SENTENCING DETERMINATION** (Check only one.)

A ☐ The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.

B ☐ The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons.
(Use Section VIII if necessary.)

C ☑ The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual.
(Also complete Section V.)

D ☐ The court imposed a sentence outside the advisory sentencing guideline system. (Also complete Section VI.)

**V   DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** (If applicable.)

A   **The sentence imposed departs** (Check only one.):
   ☑ below the advisory guideline range
   ☐ above the advisory guideline range

B   **Departure based on** (Check all that apply.):

   1   **Plea Agreement** (Check all that apply and check reason(s) below.):
      ☐ 5K1.1 plea agreement based on the defendant's substantial assistance
      ☐ 5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
      ☐ binding plea agreement for departure accepted by the court
      ☑ plea agreement for departure, which the court finds to be reasonable
      ☐ plea agreement that states that the government will not oppose a defense departure motion.

   2   **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
      ☐ 5K1.1 government motion based on the defendant's substantial assistance
      ☐ 5K3.1 government motion based on Early Disposition or "Fast-track" program
      ☐ government motion for departure
      ☐ defense motion for departure to which the government did not object
      ☐ defense motion for departure to which the government objected

   3   **Other**
      ☐ Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

C   **Reason(s) for Departure** (Check all that apply other than 5K1.1 or 5K3.1.)

| | | | | | |
|---|---|---|---|---|---|
| ☐ 4A1.3 | Criminal History Inadequacy | ☐ 5K2.1 | Death | ☐ 5K2.11 | Lesser Harm |
| ☐ 5H1.1 | Age | ☐ 5K2.2 | Physical Injury | ☑ 5K2.12 | Coercion and Duress |
| ☐ 5H1.2 | Education and Vocational Skills | ☐ 5K2.3 | Extreme Psychological Injury | ☐ 5K2.13 | Diminished Capacity |
| ☐ 5H1.3 | Mental and Emotional Condition | ☐ 5K2.4 | Abduction or Unlawful Restraint | ☐ 5K2.14 | Public Welfare |
| ☐ 5H1.4 | Physical Condition | ☐ 5K2.5 | Property Damage or Loss | ☐ 5K2.16 | Voluntary Disclosure of Offense |
| ☐ 5H1.5 | Employment Record | ☐ 5K2.6 | Weapon or Dangerous Weapon | ☐ 5K2.17 | High-Capacity, Semiautomatic Weapon |
| ☐ 5H1.6 | Family Ties and Responsibilities | ☐ 5K2.7 | Disruption of Government Function | ☐ 5K2.18 | Violent Street Gang |
| ☐ 5H1.11 | Military Record, Charitable Service, Good Works | ☐ 5K2.8 | Extreme Conduct | ☐ 5K2.20 | Aberrant Behavior |
| | | ☐ 5K2.9 | Criminal Purpose | ☐ 5K2.21 | Dismissed and Uncharged Conduct |
| ☐ 5K2.0 | Aggravating or Mitigating Circumstances | ☐ 5K2.10 | Victim's Conduct | ☐ 5K2.22 | Age or Health of Sex Offenders |
| | | | | ☐ 5K2.23 | Discharged Terms of Imprisonment |
| | | | | ☐ | Other guideline basis (e.g., 2B1.1 commentary) |

D   **Explain the facts justifying the departure.** (Use Section VIII if necessary.)

   To avoid unwarranted sentencing disparities among defendants (18 U.S.C. §3553(a)(6)).

AO 245B ( 05-MA)   (Rev. 06/05) Criminal Judgment
Attachment (Page 3) — Statement of Reasons - D. Massachusetts 10/05

| | |
|---|---|
| DEFENDANT: **ENIKO SOMODI** | Judgment — Page 11 of 12 |
| CASE NUMBER: **1: 12 CR 10147   - 1   - NMG** | |
| DISTRICT: **MASSACHUSETTS** | |

# STATEMENT OF REASONS

**VI   COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**
(Check all that apply.)

   A   **The sentence imposed is** (Check only one.):
   ☐ below the advisory guideline range
   ☐ above the advisory guideline range

   B   **Sentence imposed pursuant to** (Check all that apply.):

   1   **Plea Agreement** (Check all that apply and check reason(s) below.):
   ☐ binding plea agreement for a sentence outside the advisory guideline system accepted by the court
   ☐ plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable
   ☐ plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory guideline system

   2   **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
   ☐ government motion for a sentence outside of the advisory guideline system
   ☐ defense motion for a sentence outside of the advisory guideline system to which the government did not object
   ☐ defense motion for a sentence outside of the advisory guideline system to which the government objected

   3   **Other**
   ☐ Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system (Check reason(s) below.):

   C   **Reason(s) for Sentence Outside the Advisory Guideline System** (Check all that apply.)

   ☐ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)
   ☐ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))
   ☐ to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))
   ☐ to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))
   ☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))
   ☐ to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))
   ☐ to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

   D   **Explain the facts justifying a sentence outside the advisory guideline system.** (UseSection VIII if necessary.)

| | |
|---|---|
| DEFENDANT: **ENIKO SOMODI** | Judgment — Page 12 of 12 |
| CASE NUMBER: **1: 12 CR 10147 - 1 - NMG** | |
| DISTRICT: **MASSACHUSETTS** | |

# STATEMENT OF REASONS

## VII COURT DETERMINATIONS OF RESTITUTION

A ☐ Restitution Not Applicable.

B Total Amount of Restitution: **1,098,634.48**

C Restitution not ordered (Check only one.):

  1 ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

  2 ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

  3 ☐ For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

  4 ☐ Restitution is not ordered for other reasons. (Explain.)

D ☐ Partial restitution is ordered for these reasons (18 U.S.C. § 3553(c)):

## VIII ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE (If applicable.)

I.B.4. The restitution amounts have been amended with respect to some of the victims pursuant to information provided by the Government at sentencing.

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

| | |
|---|---|
| Defendant's Soc. Sec. No.: | Date of Imposition of Judgment 03/26/13 |
| Defendant's Date of Birth: 00/00/1982 | *Nathaniel M. Gorton* |
| Defendant's Residence Address: In Federal custody | Signature of Judge |
| | The Honorable Nathaniel M. Gorton    U.S. District Judge |
| Defendant's Mailing Address: In Federal custody | Name and Title of Judge |
| | Date Signed  3/28/13 |